IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| RMA VENTURES CALIFORNIA, a Utah partnership, <br><br> Plaintiff, <br><br><br> vs. <br><br><br> SUNAMERICA LIFE INSURANCE COMPANY AND MIDLAND LOAN SERVICES, INC., <br><br> Defendants. | MEMORANDUM DECISION AND ORDER GRANTING ATTORNEY FEES <br><br><br><br><br> Case No. 2:03-CV-740 TS |

This matter comes before the Court on Defendants' Motion for Attorney Fees.[1] For the reasons discussed below, Defendants' Motion will be granted.

I.      Procedural History

This Court granted Defendants' Motion for Summary Judgment on November 26, 2007.[2] Plaintiff filed a motion for new trial or to alter or amend judgment, pursuant to either Rule 59(a) or Rule 59(e) of the Federal Rules of Civil Procedure, on December 10, 2007.[3] This Court

---

[1]Docket No. 82.

[2]Docket No. 68.

[3]Docket No. 69.

1

ultimately denied Plaintiff's motion on January 18, 2008.[4]  On January 24, 2008, Defendants filed the instant motion for attorney fees.[5]  Plaintiff filed several documents, one of which is titled "Plaintiff's Motion to Strike."[6]  Some of these were duplicates of each other.[7]  None of the docket entries appear to match the documents actually filed.  The Court has considered all of Plaintiff's filings and will rule as follows.

> II.    Discussion
>
> > A.    Timeliness

Defendants have filed for attorney fees pursuant to Rule 54(d) of the Federal Rules of Civil Procedure and California Civil Code § 1717.  Plaintiff has filed both a motion to strike and an opposition to this motion, citing timeliness as grounds for both.

Rule 54(d) allows for an award of attorney fees to a prevailing party.[8]  A motion for attorney's fees "must be filed no later than 14 days after the entry of judgment[.]"[9]  However, "[i]f a party files a post-judgment motion under Rule . . . 59, the 14-day deadline to file a motion for attorney fees does not begin to run until all such motions are resolved."[10]

---

[4]Docket No. 81.

[5]Docket No. 82.

[6]*See* Docket Nos. 85 and 87.

[7]Docket No. 86 and Docket No. 88 are the same document, however, Docket No. 86 is captioned as "Plaintiff's Memorandum in Opposition to the Defendants' Motion for Attorney Fees and Costs."  Docket No. 88 is captioned as "Plaintiff's Memorandum in Support of its Motion to Strike the Defendants' Motion for Attorney Fees and Costs."

[8]Fed. R. Civ. Pro. 54(d).

[9]Fed. R. Civ. Pro. 54(d)(B)(i).

[10]*Biocore, Inc. v. Khosrowshahi*, 2004 WL 303194, *2 (D. Kan. Feb. 2, 2004).

Here, this Court decided Defendants' summary judgment motion on November 26, 2007. Plaintiff then filed a Rule 59 motion, which halted the tolling of the 14-day clock for a motion for attorney fees. This Court then ruled on Plaintiff's Rule 59 motion on January 18, 2008. As noted in a case cited by Plaintiff, "[a] new period for filing will automatically begin if a new judgment is entered following a reversal or remand by the appellate court *or the granting of a motion under Rule 59.*"[11]

Thus, the Court finds that Defendants' Motion for Attorney Fees is timely and Plaintiff's Motion to Strike is denied.

    B.  Award of Fees

As previously stated, a prevailing party is allowed an award of attorney's fees under Rule 54(d). Defendants argue that because the Court granted summary judgment in their favor on all claims, an award of attorney fees is appropriate. Plaintiff does not refute this, but relies only on its timeliness argument to oppose Defendants' motion for fees.

The Court agrees with Defendants and finds that an award of attorney fees is appropriate. Defendants have filed an affidavit along with their motion detailing the costs incurred in connection with this litigation. However, Defendants fail to demonstrate that the fees charged are in line with "the prevailing market rate for similar services by lawyers of reasonably comparable skill, experience, and reputation in the relevant community."[12] However, even without "adequate evidence of prevailing market rates for attorney fees, [the court] may, in its

---

[11] *Quigley v. Rosenthal*, 427 F.3d 1232, 1237 (10th Cir. 2005) (quoting Fed. R. Civ. P. 54, Advisory Committee Notes, 1993 Amendments (emphasis added)).

[12] *Lippoldt v. Cole*, 468 F.3d 1204, 1224-25 (10th Cir. 2006) (party seeking fees must present evidence of the prevailing market rate for attorneys fees) (internal quotations omitted).

discretion, use other relevant factors, including its own knowledge, to establish the rate."[13]

Plaintiff does not dispute the rates charged by Defendants, but relies on its timeliness argument as a means to avoid "potentially wasteful" briefing.[14] As previously stated, Defendants' motion is timely filed. As noted by Defendants, under the local rules, the appropriate response to a motion is an opposition,[15] filed within 15 days after service of the motion.[16] Plaintiff elected to file a motion to strike, a memorandum in opposition and a motion for extension of time. Plaintiff's approach is decidedly inappropriate. By filing both a motion to strike and a memorandum in opposition that raise only the timeliness issue, Plaintiff has foreclosed the opportunity to address the purported "defects" in Plaintiff's motion. The local rules do not contemplate a second opposition brief in the event that arguments made in the first are not well-taken by the Court.

Therefore, because Plaintiff raises no issue with respect to the rates charged by Defendants and based on knowledge of the prevailing rates for comparable work, the Court finds that an award of attorney fees is appropriate for the amount detailed in Defendants' filings.

III.   Conclusion

It is therefore

ORDERED that Defendants' Motion for Attorney Fees (Docket No. 82) is GRANTED. It is further

---

[13]*Id*. at 1225 (internal quotations omitted).

[14]Pl.'s Mem. in Opp. at 4 (Docket No. 86).

[15]Defs.' Mem. in Opp. at 6 (Docket No. 90).

[16]DUCivR 7-1(b)(3).

ORDERED that Plaintiff's Motion for Extension of Time and Motion to Strike (Docket No. 85) are DENIED.

DATED   March 25, 2008.

BY THE COURT:

_____
TED STEWART
United States District Judge